**MANDATE**

09-1287-cv
Cintas v. Unite Here

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 3 1 2009

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the eight day of December two thousand and nine.

PRESENT:

    JOSÉ A. CABRANES,
    ROBERT D. SACK,
        *Circuit Judges*,
    PAUL A. CROTTY,
        *District Judge*.*



-----------------------------------------------x

CINTAS CORPORATION, CINTAS CORPORATION NO. 2, CINTAS CORPORATION NO. 3, CINTAS HOLDINGS LLC,

    *Plaintiffs-Appellants*,

v.                                      No. 09-1287-cv

---

* The Honorable Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE:  DEC 3 0 2009

UNITE HERE, CHANGE TO WIN, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, BRUCE RAYNOR, AHMER QADEER, KEITH MESTRICH, ELIZABETH GRES, PETER DEMAY, KATIE UNGER, STEFAN ANTONOWICZ, DOES 1 THROUGH 100,

                        *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR APPELLANTS:** | JONATHAN M. WAGNER, Kramer, Levin, Naftalis & Frankel LLP, New York, NY (George R. Blakey, Notre Dame Law School, Notre Dame, IN, and Gregory M. Utter and Jamie M. Ramsey, Keating Muething & Klekamp PLL, Cincinnati, OH, *on the brief*). |
| **FOR APPELLEES:** | ANDREW ROTH, Bredhoff & Kaiser, P.L.L.C., Washington, DC (Robert Weinberg and Laurance Gold, Bredhoff & Kaiser, P.L.L.C., Washington, DC; Tobin J. Romero and Jonathan B. Pitt, Williams & Connolly LLP, Washington, D.C.; and Irwin Rochman, Tesser, Ryan & Rochman, LLP, New York, NY, *on the brief*). |

      Appeal from a March 10, 2009 judgment of the United States District Court for the Southern District of New York (William H. Pauley, *Judge*).

      **UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

      Plaintiffs-appellants Cintas Corporation, Cintas Corporation No. 2, Cintas Corporation No. 3, and Cintas Holdings LLC (collectively "plaintiffs" or "Cintas") appeal from a March 10, 2009 judgment of the United States District Court for the Southern District of New York entered after the District Court dismissed this action under Federal Rule of Civil Procedure 12(b)(6). *See Cintas Corp. v. Unite Here*, 601 F. Supp. 2d 571 (S.D.N.Y. 2009).

      Cintas, which is "the largest uniform supplier in North America," *id.* at 574, brought this action against defendants, which are unions and individuals associated with unions that wish to represent Cintas employees, in response to defendants' alleged "'Corporate Campaign'" against Cintas in which defendants seek from Cintas a "'card-check/neutrality agreement' requiring Cintas to recognize [defendants] as the employees' bargaining agents, if the unions can obtain cards signed by a majority of eligible workers stating a desire to join a union." *Id.* at 575.

      Cintas alleges that the "'Corporate Campaign'" has included efforts to "[f]alsely portray[] Cintas as a company with 'a long history of anti-unionism' that 'bullies, harasses, intimidates and terminates workers who want to join unions' . . . [and] as a company bent on racist, sexist, and illegal acts.'" *Id.*

2

(quoting complaint). Cintas further alleges that defendants operate a website entitled "Cintas Exposed" (www.cintasexposed.com) that uses Cintas's trademark and that "encourages Cintas's customers to 'check their weekly invoices, object to unauthorized products and services, demand notification of changes in products and services, refuse so-called trial products and services, and to know your contact.'" *Id.* at 575 (quoting complaint) (internal quotation marks omitted). Plaintiffs allege that there are links on the "Cintas Exposed" website to union merchandise such as "t-shirts, pins and other sundry items." *Id.* at 545-46, 580.

Cintas asserts civil RICO claims, *see* 18 U.S.C. § 1962, predicated on defendants' alleged violations of the Hobbs Act, *see id.* § 1951, the Travel Act, *see id.* § 1952, and Ohio state extortion law. Cintas also asserts Lanham Act claims of trademark infringement, unfair competition, and trademark dilution, *see* 15 U.S.C. §§ 1114, 1125(c), and a claim of "cybersquatting," *see id.* § 1125(d).

The District Court held that plaintiffs' "sprawling 334 paragraph amended complaint" failed to allege an actionable civil RICO claim because it failed to allege RICO predicate acts. *Cintas*, 60 F. Supp 2d at 574, 577-78. The District Court concluded that Cintas had failed to allege predicate acts under the Hobbs Act because "Cintas would receive some benefit from a card-check/neutrality agreement" and because "Cintas does not have a right to operate free from any criticism, organized or otherwise." *Id.* at 577-78 (citing *United States v. Clemente*, 640 F.2d 1069, 1077 (2d Cir. 1981); *Viacom Int'l, Inc. v. Icahn*, 747 F. Supp. 205, 213 (S.D.N.Y. 1990)). The District Court concluded that Cintas had failed to allege predicate acts under the Travel Act and Ohio law because any differences between those predicate acts and the Hobbs Act predicate acts were "immaterial." *Id.* at 578.

The District Court held that the complaint failed to state a Lanham Act claim of trademark infringement because plaintiffs' allegations were insufficient to assert a plausible claim that "'defendant's use of [Cintas's] mark is likely to cause confusion as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval of the defendant's goods, services, or commercial activities by plaintiff.'" *Cintas*, 60 F. Supp 2d at 578 (quoting *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406-07 (2d Cir. 2005)). In addition, the District Court held that the complaint failed to state a claim of trademark dilution because plaintiffs' allegations were insufficient to assert a plausible claim that defendants were "making commercial use of the mark in commerce." *Id.* at 580 (citing *Savin Corp. v. The Savin Group*, 391 F.3d 439, 448-49 (2d Cir. 2004)). Finally, the District Court held that the complaint did not state a claim of cybersquatting because plaintiffs failed to allege adequately that defendants registered the domain name in question with a "'bad faith intent to profit'" from the name. *Id.* (quoting 15 U.S.C. § 1125(d)). Lastly, the District Court declined to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. *Id.* at 581.

On appeal, plaintiffs argue that the District Court erred as a matter of law in dismissing plaintiffs' claims because the District Court failed to accept as true allegations set forth in the complaint

3

that, in plaintiffs' view, establish that plaintiffs have adequately pleaded civil RICO and Lanham Act claims.

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See, e.g., Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Undertaking that review, we affirm for substantially the reasons stated in the District Court's opinion.

## CONCLUSION

The March 10, 2009 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By *Lucille Carr*

4

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____
DEPUTY CLERK